FILED BY_____MB_____D.C.

Sep 27, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTP

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-14045-CANNON/MAYNARD

26 U.S.C. § 7202
26 U.S.C. § 7206(1)

UNITED STATES OF AMERICA

v.

MATTHEW S. BROWN

Defendant.

_____/

## CRIMINAL INFORMATION

The Deputy Assistant Attorney General charges that:

### Introductory Allegations:

At times relevant to this Information:

1.      **MATTHEW S. BROWN** was a resident of Martin County, Florida, within the Southern District of Florida.

2.      **BROWN** owned and operated multiple businesses in and around the area of Martin County, Florida.  One of these businesses was a payroll and human resource services company, Matthew Brown & Associates, Inc. DBA Elite Payroll Solutions ("Elite Payroll").  Elite Payroll primarily serviced small businesses in and around St. Lucie, Martin, and Palm Beach Counties, Florida.

3.      From in or about 2014 through 2022, **BROWN** failed to pay over twenty million dollars in payroll tax funds withheld from clients of Elite Payroll and from businesses he controlled. **BROWN** operated Elite Payroll by debiting his clients the full amount of their payroll

tax liabilities, substantially underreporting those liabilities to the Internal Revenue Service, and pocketing the difference.

## Payroll Taxes

4. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the federal tax laws of the United States.

5. The Federal Insurance Contribution Act required employers to withhold Medicare and Social Security taxes from their employees' wages. The Internal Revenue Code also required employers to withhold federal income taxes from their employees' wages. Employers, who held these taxes in trust for the United States, were required to pay them over to the IRS on behalf of their employees. Collectively, these withheld taxes will be referred to as "trust fund taxes." An individual with the obligation to collect, account for, and pay over withheld trust fund taxes to the government is called a "responsible person."

6. For employers whose annual liability for trust fund taxes was greater than $1,000, responsible persons were required to report the employment taxes due for the employer on a Form 941, Employer's Quarterly Federal Tax Return ("Form 941") on a quarterly basis. The Form 941 was due at the end of the month following the end of each calendar quarter and reported the total amount of wages and other compensation subject to withholding, the total amount of income tax withheld, the total amount of employment taxes due, and the total tax deposits the employer made with the IRS.

7. A Professional Employer Organization ("PEO") was a type a type of employee leasing company that provides employee benefits and tax services to common law employers at a cost lower than a single employer could provide for itself. A PEO typically will file a single Form 941 for all of its clients' workers, using its own employer identification number ("EIN"). In

2

contrast, a payroll service provider typically will file a separate Form 941 on behalf of each client, using the EIN of the respective client.

## COUNT ONE
### Failure to Account for and Pay Over Trust Fund Tax
### (26 U.S.C. § 7202)

8.      From at least 2014 through 2022, **BROWN** owned and operated Elite Payroll. Elite Payroll acted as a PEO for some clients and a payroll service provider for others.  Consequentially, for some clients, Elite Payroll reported their employees with a single Form 941 filed under Elite Payroll's EIN and, for other clients, Elite Payroll filed Forms 941 under clients' EINs.

9.      **BROWN** exercised ultimate control over Elite Payroll's financial affairs and operations.  **BROWN** signed Forms 941 for Elite Payroll as President. Thus, **BROWN**, was a responsible person, that is, he had the responsibility to collect, truthfully account for on Forms 941, and pay over to the IRS on behalf of Elite Payroll the trust fund taxes collected from its clients' employees.

10.     From at least 2015 through 2021, **BROWN** withheld trust fund taxes from the pay of Elite Payroll's PEO employees and failed to fully pay those withheld trust fund taxes over to the IRS.

11.     **BROWN** filed, or caused to be filed, false Forms 941 that underreported the amount of trust fund taxes he had withheld from Elite Payroll's PEO employees and only paid the underreported amount.

12.     Between 2015 and 2021, **BROWN** failed to pay over $13 million in trust fund taxes for Elite Payroll's employees to the IRS.

13.     On or about January 31, 2020, for the calendar quarter ending December 31, 2019, in the Southern District of Florida, the defendant,

3

**MATTHEW S. BROWN,**

did willfully fail to truthfully account for and pay over the trust fund taxes due and owing to the

IRS on behalf of the employees of Elite Payroll.

In violation of Title 26, United States Code, Section 7202.

<u>**COUNT TWO**</u>
**Aiding and Assisting in the Filing of a False Tax Return**
**(26 U.S.C. § 7206(2))**

14.     The Deputy Assistant Attorney General realleges and incorporates by reference

the factual allegations in paragraphs 1 through 13 of this Information.

15.     Client 1 was a private security services company incorporated in 2011 in Miami-

Dade County, Florida within the Southern District of Florida. From in or around 2017 through in

or around 2022, Client 1 was a payroll services client of Elite Payroll.

16.     For Elite Payroll's payroll services clients, Elite Payroll prepared accurate Forms

941 using the clients' EIN and sent them to the clients. Elite Payroll debited its clients based on

the employment tax liabilities calculated on these accurate returns. **BROWN** then prepared, or

caused to be prepared, false Forms 941 that dramatically understated the clients' employment tax

liabilities.

17.     **BROWN** filed, or caused to be filed, false Forms 941 that underreported the

amount of trust fund taxes he had withheld from Elite Payroll's clients' employees and only paid

the underreported amount.

18.     Between 2014 and 2022, **BROWN** used these false Forms 941 to conceal his failure

to pay over $9 million meant to pay the employment taxes for the employees of Elite Payroll's

clients.

19.     Instead of paying over the funds he held in trust for his clients, **BROWN** purchased commercial and residential real estate including his multi-million-dollar home and luxury vehicles including a Valhalla 55 Sport Yacht, a Falcon 50 Aircraft, and a collection of cars including Ferraris, Porsches, and Rolls Royce's.

20.     On or about July 16, 2021, in the Southern District of Florida, the defendant,

**MATTHEW S. BROWN,**

willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service of an Employer's Quarterly Federal Tax Return, Form 941, for Client 1 for the quarter ending June 30, 2021, which was false and fraudulent as to a material matter. That Form reported a total employment tax liability of $32,245.45, whereas, as **BROWN** knew, the correct liability was $219,384.19.

In violation of Title 26, United States Code, Section 7206(2).

DAVID A. HUBBERT
Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

Dated: 9/26/24

ANDREW P. ASCENCIO
ASHLEY J. STEIN
Trial Attorneys
U.S. Department of Justice, Tax Division

*Carmen M. Lineberger for*
MARKENZY LAPOINTE
United States Attorney
Southern District of Florida

Dated: 9/25/24

MICHAEL PORTER
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**

v.

MATTHEW S. BROWN

_____/
Defendant.

**CASE NO.:** 24-CR-14045-CANNON/MAYNARD
_____

**CERTIFICATE OF TRIAL ATTORNEY**

**Court Division** (select one)
☐ Miami        ☐ Key West        ☒ FTP
☐ FTL          ☐ WPB

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3.  Interpreter: (Yes or No) No
    List language and/or dialect: _____

4.  This case will take __0__ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)                          (Check only one)
    I    ☒ 0 to 5 days                        ☐ Petty
    II   ☐ 6 to 10 days                       ☐ Minor
    III  ☐ 11 to 20 days                      ☐ Misdemeanor
    IV   ☐ 21 to 60 days                      ☒ Felony
    V    ☐ 61 days and over

6.  Has this case been previously filed in this District Court? (Yes or No) No
    If yes, Judge _____ Case No. _____

7.  Has a complaint been filed in this matter? (Yes or No) No
    If yes, Magistrate Case No. _____

8.  Does this case relate to a previously filed matter in this District Court? (Yes or No) No
    If yes, Judge _____ Case No. _____

9.  Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____
Andrew Ascencio
DOJ Trial Attorney
Court ID No.    A5503151

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: <u>MATTHEW S. BROWN</u>

**Case No**: <u>24-CR-14045-CANNON/MAYNARD</u>

Count #: 1

<u>Willful Failure to Pay Trust Fund Taxes, 26 U.S.C. § 7202</u>

* **Max. Term of Imprisonment:** 5 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000/$100 Special Assessment

Count #: 2

<u>Aiding or Assisting in the Filing of False Tax Returns, 26 U.S.C. § 7206(2)</u>

* **Max. Term of Imprisonment:** 3 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 1 year
* **Max. Fine:** $250,000/$100 Special Assessment

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**