UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. \_\_\_\_

UNITED STATES OF AMERICA

v.

MATTHEW S. BROWN,

Defendant.
_____

## PLEA AGREEMENT

The United States Department of Justice, Tax Division and the United States Attorney's Office for the Southern District of Florida (hereinafter collectively referred to as "the Office") and Matthew S. Brown (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts 1 and 2 of the Information which charges him with a violation of Title 26, United States Code ("U.S.C.") Section 7202, willful failure to pay trust fund taxes, a Class D felony offense, and Title 26, U.S.C. Section 7206(2), aiding or assisting in the filing of a false tax return, a Class D felony offense.

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines" or "U.S.S.G."). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or

lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant understands and acknowledges that pursuant to Title 26, United States Code, Section 7202, the defendant may be sentenced on Count 1 to a maximum term of imprisonment of up to five (5) years, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order restitution. The defendant understands and acknowledges that pursuant to Title 26, United States Code, Section 7206(2), the defendant may be sentenced on Count 2 to a maximum term of imprisonment of up to three (3) years, followed by a term of supervised release of up to one (1) year. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order restitution. The defendant understands and acknowledges that the Court may run a sentence pursuant to Counts 1 and 2 consecutively for a maximum term of imprisonment of up to eight (8) years.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100

will be imposed on the defendant on each count for a total of $200. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offense(s) committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing, but prior to the operation of Section 3E1.1(a), the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office and the Court of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government after entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement,

3

including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings as to the guideline calculations:

    a. <u>Applicable Guidelines</u>: the parties agree, pursuant to Sentencing Guidelines § 1.B1.2(a), that the defendant should be sentenced under Sentencing Guidelines §§ 2T1.6 and 2T1.4.

    b. <u>Offense Level</u>: the parties agree that the base offense level is twenty-six (26) pursuant to Sentencing Guidelines §§ 2T1.6(a)(1) and 2T4.1(K) since the tax loss resulting from the defendant's conduct is greater than $9,500,000 and less than $25,000,000.

    c. <u>Abuse of a Position of Trust</u>: the parties agree that the defendant is subject to a two (2) level enhancement under Sentencing Guidelines §3B1.3 because the defendant abused his position of private trust vis a vis his clients' payroll withholdings.

    d. <u>Zero-Point Offenders</u>: the parties agree that the defendant is subject to a two (2) level reduction under Sentencing Guideline §4C1.1 if the probation office determines he has no criminal history points.

    e. The defendant is free to argue at sentencing for a downward departure or variance from the Sentencing Guidelines, or to argue that the factors set forth in 18 U.S.C. § 3553(a) merit a sentence below the applicable Sentencing Guidelines range.

    f. Unless otherwise agreed to in paragraphs 6 and 7, the parties agree that no other specific offense characteristics, Guideline adjustments or Guideline departures apply.

8. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

9. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status, if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, and, in some cases, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms the desire to plead guilty regardless of any immigration consequences that the plea may entail.

10. Defendant agrees to make full restitution as ordered by the Court pursuant to 18 U.S.C. § 3663(a)(3), payable immediately on such terms and conditions as the Court may impose, for the full amount of the losses caused by Defendant's relevant conduct in this case, as defined under U.S.S.G. § 1B1.3(a)(1), as calculated in the accompanying Stipulated Factual Basis. The

Office and the Defendant agree that the Court has the authority to order restitution in this amount pursuant to Title 18, United States Code, Section 3663(a)(3).

    a.    The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

    b.    The defendant agrees that any and all restitution payments will be applied towards any liabilities associated with clients of Matthew Brown & Associates, Inc DBA Elite Payroll Solutions, including, but not limited to, those identified in the accompanying Stipulated Factual Basis as "EPS Clients," before any payments are applied to any liabilities associated with any of the entities owned and operated by defendant, including, but not limited to, those identified in the accompanying Stipulated Factual Basis as "Brown Entities."

    c.    The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment. Interest on the restitution-based assessment will accrue under 26 U.S.C. § 6601 from the last date prescribed for payment of the tax liability that is the subject of the restitution-based assessment to the date that the IRS receives full payment.

    d.    The defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods

6

for which restitution was ordered. The defendant understands and agrees that the plea agreement does not resolve the defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from the defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise the defendant's obligation to pay any remaining civil tax liability. The defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

e. The defendant is entitled to credit and a reduction of the restitution amount calculated in Exhibit A to the Stipulated Factual Basis for any payments made towards previously unpaid employment tax liabilities itemized in Exhibit A prior to the Court's entry of any restitution order.

f. The defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

g. If full payment cannot be made immediately, the defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A, *Collection Information Statement for Wage Earners and Self-Employed Individuals*, and Form 433-B, *Collection Information Statement for Businesses*, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. The defendant also agrees to provide the above-described information to the probation office.

h. The defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional

tax, additions to tax, interest, and penalties, owed to the IRS for the time periods covered by this agreement or any other time period.

    i. The defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs him otherwise, all payments made pursuant to the Court's restitution order are to be sent to the Clerk of the Court at the following address:

> Wilkie D. Ferguson, Jr.
> U.S. Courthouse
> 400 North Miami Avenue
> Miami, Florida 33128
> Attn: Angela E. Noble

    j. With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, the defendant will provide the following information:

        i. The defendant's name and Social Security number;

        ii. The District Court docket number assigned to this case;

        iii. Tax periods for which restitution has been ordered; and

        iv. A statement that the payment is being submitted pursuant to the District Court's restitution order.

    k. The defendant agrees to include a request that the Clerk of the Court send the information, along with the defendant's payments, to the appropriate office of the IRS. The defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

> IRS - RACS
> Attn: Mail Stop 6261, Restitution
> 333 W. Pershing Ave.
> Kansas City, MO 64108

11. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the conviction and sentence imposed in this case. Acknowledging

8

this, in exchange for the undertakings made by this Office in this plea agreement, the defendant thereby waives all rights conferred by Section 3742 to appeal the conviction and any sentence imposed, including any restitution or forfeiture order, or to appeal the manner in which the sentence was imposed, except as specifically reserved below. Defendant reserves the right to appeal: (a) any sentence that exceeds the maximum permitted by statute or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the government appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with this Office, to request that the district Court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

12. . In the event the defendant withdraws from this plea agreement prior to pleading guilty or breaches the agreement before or after he pleads guilty to the charges identified in paragraph 1 above or otherwise fails to fully comply with any of the terms of this plea agreement, this Office will be released from their obligations under this agreement.

13. The defendant confirms that the defendant is guilty of the offense to which the defendant is pleading guilty; that the defendant's decision to plead guilty is the decision that the defendant has made; and that nobody has forced, threatened, or coerced the defendant into pleading guilty. The defendant affirms that the defendant has reviewed this agreement and enters into it

knowingly, voluntarily, and intelligently, and with the benefit of assistance by the defendant's attorney.

14. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

DAVID A. HUBBERT
Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

Dated: a/26/24

ANDREW P. ASCENCIO
ASHLEY J. STEIN
Trial Attorneys
U.S. Department of Justice, Tax Division

MARKENZY LAPOINTE
United States Attorney
Southern District of Florida

Dated: 10/30/24

MICHAEL PORTER
Assistant United States Attorney

Dated: 9-17-24

MATTHEW S. BROWN
Defendant

Dated: 9/17/24

JEFFREY NEIMAN
Attorney for the Defendant

10